## ELLIOTT *v.* CORBIN.

Where an original notice in an action commenced in the District Court, by the indorsee of a promissory note, read as follows: "To J. C.—Sir: You are hereby notified that there is now on file in the office of the clerk of the District Court of B. county, Iowa, a petition of E. E., claiming of you the sum of thirty dollars, as money due on a promissory note; and that unless you appear and answer thereto, on or before the second day of the next term of said court, judgment will be rendered against you thereon," which was signed by the attorneys of the plaintiffs; and where the defendant moved to quash the notice, because: 1. The said notice does not set forth sufficiently the nature of the claim against the defendant; 2. Said notice does not state that the note sued on, was assigned by the payee, or any one else, which motion was sustained by the court, and the cause continued; *Held,* That the notice informed the defendant of all that the law deemed requisite, to put the defendant upon his defence; and that the court erred in quashing the notice.

A party may appeal from an order of the District Court, quashing an original notice.

### *Appeal from the Boone District Court.*

THIS was a suit by plaintiff as holder, against defendant as maker, of a promissory note, payable to L. J. Royster or bearer. The defendant moved to quash the notice, and continue the cause, because the original notice did not show that the note had been assigned to plaintiff by Royster, and did not sufficiently advise the defendant of the nature of the claim against him. The original notice reads as follows:
" *To James Corbin:*

"Sir—You are hereby notified that there is now on file in the office of the clerk of the District Court in Boone county, Iowa, the petition of Ellis Elliott, claiming of you the sum of thirty dollars, as money due on a promissory note; and

Elliott v. Corbin.

that unless you appear and answer thereto on or before the second day of the next term of said court, judgment will be rendered against you thereon.

"ELLIS ELLIOTT, *Plaintiff.*"

The District Court sustained the motion, and continued the cause, at the costs of the plaintiff, from which decision he appeals.

*J. C. Knapp,* for the appellant.

*J. C. Hall,* for the appellee.

STOCKTON, J.—A promissory note, made payable to bearer, is negotiable, and transferable by delivery only, and needs no indorsement; any person bearing or presenting the note, becoming in that case, the party to whom the maker of the note promises to pay it.    The holder is presumed to be the owner, for consideration.    So, the note in this suit, being payable to L. J. Royster or bearer, the plaintiff, as the holder, is presumed to be the owner.    *Creighton* v. *Gordon,* Morris, 41; *Hotchkiss* v. *Thompson,* Ib. 156; *Shelton* v. *Sherfey,* 3 G. Greene, 108; *Wilbur* v. *Turner,* 5 Pick. 526; *Dole* v. *Weeks,* 4 Mass. 451.    The notice to defendant in this case, was sufficient.    The maker of a promissory note, payable to another or bearer, must be presumed to know that the property in the note passes by delivery, and he must reckon on the possibility, at least, of payment being demanded by some one, not the original payee.    The notice informs defendant of all that the law deems requisite, in order to put him upon his defence.    It was not necessary that it should describe the note sued on, as made payable to Royster or bearer, and duly transferred and delivered to plaintiff.

The question as to the right of the party to appeal from the order quashing the notice, and continuing the cause, was decided by this court, in the case of *Worster, Templin, &c.* v. *Oliver, Ante,* 345.    We think there can be no doubt of the right of the plaintiff to appeal.

Judgment reversed.